Filed 5/12/26  P. v. Lemus CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D086179 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN459327) |
| MARTIN LEMUS, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, David G. Brown, Judge.  Reversed and remanded with directions.

Lisa A. Kopelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Kristine A. Gutierrez and Flavio Nominati, Deputy Attorneys General, for Plaintiff and Respondent.


Martin Lemus appeals his sentence for a robbery conviction, contending the trial court erred by finding that his previous juvenile

adjudication qualified as a prior strike and for a prior serious felony enhancement based on a gang enhancement under an earlier version of Penal Code[1] section 186.22, subdivision (b)(1).  He seeks full resentencing.  In *People v. Fletcher* (2025) 18 Cal.5th 576, 583 (*Fletcher*), the California Supreme Court determined whether a prior conviction qualifies as a strike and for a prior serious felony enhancement based on a gang enhancement depends on current law, even if the prior conviction occurred under a previous version of the gang statute.  The Attorney General concedes that the case should be remanded to permit a retrial on the gang enhancement under current law, and we accept that concession.

Lemus further asserts the juvenile adjudication cannot serve as the basis for a prior serious felony enhancement, and we agree.

Accordingly, we reverse the judgment, vacate the trial court's findings as to the prior juvenile adjudication, and remand for a retrial on the gang enhancement and for a full resentencing.

## BACKGROUND

In September 2024, Lemus took two shirts from Macy's without paying for them, spit on and then attempted to punch a loss prevention officer, ran away from and struggled with responding law enforcement officers, and gave the officers a false name.  Based on that incident, the People charged Lemus with robbery (§ 211), resisting an officer (§ 148, subd. (a)(1)) and giving false information to an officer (§ 148.9, subd. (a)).  The information also included allegations of a serious felony prior (§§ 667, subd. (a)(1), 668, & 1192.7, subd. (c)) and a strike prior (§§ 667 (b)–(i), 1170.12, & 668) based on a 2013 juvenile

---

[1]     Undesignated statutory references are to the Penal Code.

adjudication of assault likely to cause great bodily injury (§ 245, subd. (a)(4)) with a criminal street gang enhancement (§ 186.22, subd. (b)(1)).

In January 2025, a jury convicted Lemus on all counts. The trial court subsequently found true the allegation that Lemus had a prior serious felony and a strike prior based on the 2013 juvenile adjudication. The trial court sentenced Lemus to the middle term of three years for the robbery, doubled for the strike, and credit for time served for the other offenses, for a total term of six years. The court struck the section 667, subdivision (a)(1) five-year enhancement for the prior serious felony.

## DISCUSSION

On appeal, Lemus contends his sentence must be reversed: (1) because the trial court did not determine whether his prior adjudication qualifies as a strike under the current version of section 186.22, subdivision (b), as required by *Fletcher, supra*, 18 Cal.5th 576; and (2) the court erred by finding the prior serious felony enhancement true based on the juvenile adjudication. Lemus seeks a remand including full resentencing. The Attorney General concedes the case must be remanded for retrial on whether the gang related prior offense qualifies as a strike prior under the current version of section 186.22. In its appellate briefing, the Attorney General does not address the prior serious felony enhancement or whether the remand requires a full resentencing. We accept the Attorney General's concession, agree with Lemus that the juvenile adjudication now cannot serve as the basis for a serious felony enhancement, and conclude that the matter must be remanded to permit retrial on whether the gang enhancement constitutes a strike prior and for a full resentencing.

"In 2021, the Legislature amended section 186.22 with the passage of Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333), enacting

3

the STEP Forward Act of 2021. (Stats. 2021, ch. 699, § 1.) Among other things, Assembly Bill 333 changed the elements of gang offenses and enhancements by narrowing the definitions of 'criminal street gang,' 'pattern of criminal activity,' and 'what it means for an offense to have commonly benefitted a street gang.' (*People v. Tran* (2022) 13 Cal.5th 1169, 1206, [citation]; see § 186.22, subds. (f), (g), as amended by Stats. 2021, ch. 699, § 4.)" (*Fletcher, supra*, 18 Cal.5th at p. 583.)

In *Fletcher*, the California Supreme Court concluded that even if "a defendant has suffered a conviction under the prior version of section 186.22," courts must look to current law, as amended in Assembly Bill 333, to determine "whether the conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of section 1192.7 for purposes of the Three Strikes law and prior serious felony enhancements." (*Id.* at pp. 583, 587, 603–604, 607.) There, "[t]he only evidence introduced to prove these allegations consisted of . . . abstracts of judgments" for each defendant that included gang enhancements based on a prior version of section 186.22. (*Id.* at pp. 606–607.) Because the convictions were not "obtained under Assembly Bill 333's more stringent requirements, and the abstracts of judgment . . . do not alone prove the elements of the alleged prior serious felony and strike prior enhancements beyond a reasonable doubt," the court "revers[ed] . . . the findings on these enhancements for retrial under the correct law." (*Id.* at p. 607.)

As recognized by Lemus and the Attorney General, the same analysis applies here. The evidence in the trial court shows only that Lemus suffered a felony adjudication with a gang enhancement in 2013, under the then-existing version of section 186.22, subdivision (b), but does not demonstrate compliance with the more stringent requirements added by Assembly Bill

4

333.  The assault with great bodily injury could qualify as a strike offense only with the gang enhancement.  (§§ 667.5, subd. (c), 1170.12, subds. (a) & (b), 1192.7, subd. (c).)  Accordingly, under *Fletcher*, we must vacate the true finding on the strike prior and remand to permit the People to retry the gang enhancement under current law to determine whether Lemus's prior conviction qualifies as a strike prior.

Lemus additionally argues with citation to relevant authority that "juvenile adjudications cannot be considered . . . a prior serious felony conviction for purposes of the mandatory five-year enhancement in section 667, subdivision (a)."  (*People v. Smith* (2003) 110 Cal.App.4th 1072, 1080, fn. 10; *People v. West* (1984) 154 Cal.App.3d 100, 110.)  We conclude the trial court erred by concluding Lemus's juvenile adjudication permitted the imposition of a five-year prior serious felony enhancement, even though the court later struck the enhancement.  Accordingly, we vacate the court's true finding as to the prior serious felony enhancement.

The proper remedy is to remand the matter to permit retrial of the gang enhancement under the current section 186.22 and for a full resentencing following retrial or the People's election not to pursue retrial.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893 ["We have held that when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "].)

## DISPOSITION

We reverse the judgment and vacate the trial court's prior strike and prior serious felony enhancement findings. The matter is remanded with directions: (1) to provide the People with the option to retry the prior gang-related allegations under section 186.22 as amended by Assembly Bill 333 to determine whether the prior adjudication qualifies as a strike; and, whether or not the People go forward with retrial, (2) to fully resentence Lemus.


IRION, Acting P. J.

WE CONCUR:


DO, J.


CASTILLO, J.

6